IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEMARKUS R. HORNE, NINA HORNE, JACKIE )
BROWN, DONNA BROWN, OLA ELDER )
JOHNSON, MICHAEL T. JOHNSON, ANITA )   CIVIL ACTION FILE
JORDAN, LAUNDRA MARTIN, AL LEE BUTTS, )
VERONICA R. PITTS, LISA ELLIS-BLADES, )   NO. 1:17-CV-0954-RWS
RITA HENIGAN, ROHAN POWELL, LAQUINTA )
HUTCHINS, TABITHA HUNTER, JAMES )
HUNTER, GERRY WHITE, ZACHARY )
ANDERSON, JACKIE BARBER, ITHAMAR )
YEHUDAH, TONYA TATE, and DECARLOS )
BUTTS, )
)
   Plaintiff, )
)
v. )
)
HARBOUR PORTFOLIO VI, LP, HARBOUR )
PORTFOLIO VII, LP, NATIONAL ASSET )
ADVISORS, LLC, CWAM II, LLC, INVESTMENT )
TRADING& DEVELOPMENT, THE BRADY )
IMPACT TRUST, C/O WILMINGTON SAVINGS )
FUND SOCIETY FSB, AS TRUSTEE, JCT )
CAPITAL, LLC, HAMILTON GREEN CREST )
FUND I, LP, BAWLD GUY NOTE INVESTMENT )
GROUP I, LLC, ROCKTOP PARTNERS I, LP, )
REDSTICK ACQUISITIONS LLC, BLUE )
INVESTMENT GROUP, LLC, and ORANGE )
CAPITAL FUNDING, LLC, )
)
   Defendants. )

**ANSWER OF DEFENDANTS BLUE INVESTMENT GROUP, LLC AND
ORANGE CAPITAL FUNDING, LLC AND COUNTER CLAIM AGAINST**

**<u>PLAINTIFF ITHAMAR YEHUDAH AND CROSS CLAIM AGAINST
DEFENDANTS HARBOUR PORTFOLIO VI, LP AND
HARBOUR PORTFOLIO VII, LP</u>**

COME NOW Defendants Blue Investment Group, LLC and Orange Capital Funding, LLC ("Defendants"), by and through counsel, and hereby files their Answer to the Plaintiffs' Third Amended Complaint (the "Complaint") and Cross-Claim Against Defendants Harbour Portfolio VI, LP and Harbour Portfolio VII, LP (the "Harbour Defendants") and show this honorable Court as follows:

**<u>AFFIRMATIVE DEFENSES</u>**

<u>FIRST DEFENSE</u>

Defendants assert the defense that the Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

<u>SECOND DEFENSE</u>

Defendants assert the defense that no act or omission of Defendants was a proximate cause of any injury to the Plaintiffs.

<u>THIRD DEFENSE</u>

Defendants assert the defense that they have not acted in bad faith, been stubbornly litigious, nor caused Plaintiffs unnecessary trouble or expense.

## FOURTH DEFENSE

Defendants assert the defense that they have conformed and complied in good faith with all statutes, rules, regulations and interpretations applicable to Plaintiffs' allegations in this case.

## FIFTH DEFENSE

Defendants deny that they are liable to Plaintiffs under any theory of recovery alleged.

## SIXTH DEFENSE

Defendants assert the defense that Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, equitable estoppel, judicial estoppel and issues preclusion.

## SEVENTH DEFENSE

Defendants assert the defense that Plaintiffs' claims are barred by the statute of frauds.

## EIGHTH DEFENSE

Defendants assert the defense that that the losses, damages and/or injuries, if any, allegedly incurred and/or sustained by Plaintiffs were proximately caused by the acts of a party or parties other than these Defendants.

## NINTH DEFENSE

Defendants assert the defense that there was no willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, on behalf of the Defendants with respect to any issue raised in Plaintiffs' Complaint.

## TENTH DEFENSE

Defendants specifically reserve the right to amend their Answer and Affirmative Defenses to assert any defense, avoidance or affirmative defense which may become apparent during this litigation.

## ELEVENTH DEFENSE

Defendants hereby respond to Plaintiff's Complaint as follows:

**INTRODUCTION AND SUMMARY**

1.

Defendants admit Plaintiff's action arises out of alleged discriminatory targeting for abusive credit terms in home purchase "contract for deed" transactions extended by the Harbour Defendants. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.

Defendants admit the Complaint alleges violation of duties imposed by the Georgia Residential Mortgage Act, the Georgia Fair Business Practices Act, equitable mortgage, unjust enrichment, and declaratory judgment against Harbour and its assignees. Defendants admit Plaintiffs Mr. Brown and Ms. Hutchins allege violations of the Truth in Lending Act. Defendants admit certain plaintiffs allege violation of the Real Estate Settlement Procedures Act, breach of contract, and negligence base on alleged improper handling of escrow accounts. Defendants admit three plaintiffs allege they were maliciously evicted.

## II. JURISDICTION AND VENUE

4.

Defendants admit this Court has jurisdiction over Plaintiffs' federal and state law claims.

5.

Defendants admit venue is proper.

### III. PARTIES

6.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint.

26.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint.

32.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 32 of the Complaint.

33.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 34 of the Complaint.

35.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint.

36.

Defendants admit Defendant Orange Capital Funding, LLC ("Orange Capital") is a limited liability company that, among other things, engages in the business of purchasing notes, both performing and non-performing, including contract for deed notes in the State of Georgia. Defendants admit Defendant Orange Capital's principal address is 295 East Highway 50, Suite 5, Clermont, FL 34711.

37.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 37 of the Complaint.

38.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 38 of the Complaint.

39.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 39 of the Complaint.

40.

Defendants admit Defendant Blue Investment Group, LLC ("Blue Investment") is a limited liability company that, among other things, engages in the business of purchasing notes, both performing and non-performing, including contract for deed notes in the State of Georgia. Defendants admit Defendant Blue Investment's principal address is 295 East Highway 50, Suite 5, Clermont, FL 34711.

## IV. FACTUAL BACKGROUND

### *Historical background of redlining and reverse redlining*

41.

Paragraph 41 of the Complaint contains no allegations; therefore, no response is required from Defendants.

42.

Paragraph 42 of the Complaint contains no allegations; therefore, no response is required from Defendants.

43.

Paragraph 43 of the Complaint contains no allegations; therefore, no response is required from Defendants.

44.

Paragraph 44 of the Complaint contains no allegations; therefore, no response is required from Defendants.

45.

Paragraph 45 of the Complaint contains no allegations; therefore, no response is required from Defendants.

46.

Paragraph 46 of the Complaint contains no allegations; therefore, no response is required from Defendants.

47.

Paragraph 47 of the Complaint contains no allegations; therefore, no response is required from Defendants.

48.

Paragraph 48 of the Complaint contains no allegations; therefore, no response is required from Defendants.

### *Contract for deed – the instrument*

49.

Paragraph 49 of the Complaint contains no allegations; therefore, no response is required from Defendants.

50.

Paragraph 50 of the Complaint contains no allegations; therefore, no response is required from Defendants.

51.

Paragraph 51 of the Complaint contains no allegations; therefore, no response is required from Defendants.

52.

Paragraph 52 of the Complaint contains no allegations; therefore, no response is required from Defendants.

### *Harbour Portfolio's abusive contract for deed business model*

53.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 53 of the Complaint.

54.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 54 of the Complaint.

55.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 55 of the Complaint.

56.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 56 of the Complaint.

57.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 57 of the Complaint.

58.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 58 of the Complaint.

59.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 59 of the Complaint.

60.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 60 of the Complaint.

61.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 61 of the Complaint.

62.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 62 of the Complaint.

63.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 63 of the Complaint.

64.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 64 of the Complaint.

65.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 65 of the Complaint.

66.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 66 of the Complaint.

67.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 67 of the Complaint.

68.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 68 of the Complaint.

69.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 69 of the Complaint.

### *Harbour's marketing scheme, targeting African-American communities*

70.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 70 of the Complaint.

71.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 71 of the Complaint.

72.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 72 of the Complaint.

73.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 73 of the Complaint.

74.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 74 of the Complaint.

75.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 75 of the Complaint.

76.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 76 of the Complaint.

77.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 77 of the Complaint.

78.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 78 of the Complaint.

### *Racial Targeting and Disparate Impact*

79.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 79 of the Complaint.

80.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 80 of the Complaint.

81.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 81 of the Complaint.

82.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 82 of the Complaint.  Defendants further state that Plaintiffs' exhibit speaks for itself.

83.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 83 of the Complaint.

84.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 84 of the Complaint.

85.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 85 of the Complaint.  Defendants further

state that Plaintiffs' exhibit speaks for itself.

86.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 86 of the Complaint.  Defendants further state that Plaintiffs' exhibit speaks for itself.

87.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 87 of the Complaint.

88.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 88 of the Complaint.

89.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 89 of the Complaint.

90.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 90 of the Complaint.

91.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 91 of the Complaint.  Defendants further state that Plaintiffs' exhibits speak for themselves.

### *DeMarkus and Nina Horne's transaction with Harbour*

92.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 92 of the Complaint.

93.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 93 of the Complaint.

94.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 94 of the Complaint.

95.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 95 of the Complaint.

96.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 96 of the Complaint.

97.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 97 of the Complaint.

98.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 98 of the Complaint.

99.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 99 of the Complaint.

100.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 100 of the Complaint.

101.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 101 of the Complaint.

102.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 102 of the Complaint.

103.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 103 of the Complaint.

104.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 104 of the Complaint.

105.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 105 of the Complaint.

106.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 106 of the Complaint.

107.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 107 of the Complaint.

108.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 108 of the Complaint.

109.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 109 of the Complaint.

110.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 110 of the Complaint.

111.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 111 of the Complaint.

112.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 112 of the Complaint.

113.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 113 of the Complaint.

114.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 114 of the Complaint.

115.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 115 of the Complaint.

116.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 116 of the Complaint.

117.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 117 of the Complaint.

118.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 118 of the Complaint.

119.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 119 of the Complaint.

120.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 120 of the Complaint.

121.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 121 of the Complaint.

122.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 122 of the Complaint.

123.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 123 of the Complaint.

124.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 124 of the Complaint.

125.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 125 of the Complaint.

126.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 126 of the Complaint.

127.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 127 of the Complaint.

128.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 128 of the Complaint.

129.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 129 of the Complaint.

130.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 130 of the Complaint.

### *Jackie and Donna Brown's transaction with Harbour*

131.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 131 of the Complaint.

132.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 132 of the Complaint.

133.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 133 of the Complaint.

134.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 134 of the Complaint.

135.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 135 of the Complaint.

136.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 136 of the Complaint.

137.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 137 of the Complaint.

138.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 138 of the Complaint.

139.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 139 of the Complaint.

140.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 140 of the Complaint.

141.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 141 of the Complaint.

142.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 142 of the Complaint.

143.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 143 of the Complaint.

144.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 144 of the Complaint.

145.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 145 of the Complaint.

146.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 146 of the Complaint.

147.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 147 of the Complaint.

148.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 148 of the Complaint.

149.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 149 of the Complaint.

150.

Defendants admit that on or about May 5, 2017, Defendant Orange Capital purchased the subject Property, 45 Charlotte Boulevard, Stockbridge, Georgia from Defendant Harbour Portfolio VI, LP ("Harbour Portfolio VI"), and that Plaintiffs Jackie and Donna Browns' Agreement/Contract for Deed was conveyed with the property. Defendants further state that on or about July 21, 2017, Defendant Orange Capital sold the property and Plaintiff Browns' Agreement/Contract for Deed back to Defendant Harbour VI; the Quitclaim Deed was recorded in the Henry County deed records on or about September 26, 2017 at Book 15472, Page 133. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 150 of the Complaint.

### *Ola and Michael Johnson's transaction with Harbour*

151.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 151 of the Complaint.

152.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 152 of the Complaint.

153.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 153 of the Complaint.

154.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 154 of the Complaint.

155.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 155 of the Complaint.

156.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 156 of the Complaint.

157.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 157 of the Complaint.

158.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 158 of the Complaint.

159.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 159 of the Complaint.

160.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 160 of the Complaint.

161.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 161 of the Complaint.

162.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 162 of the Complaint.

163.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 163 of the Complaint.

164.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 164 of the Complaint.

165.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 165 of the Complaint.

166.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 166 of the Complaint.

167.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 167 of the Complaint.

168.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 168 of the Complaint.

169.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 169 of the Complaint.

170.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 170 of the Complaint.

171.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 171 of the Complaint.

172.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 172 of the Complaint.

173.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 173 of the Complaint.

174.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 174 of the Complaint.

175.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 175 of the Complaint.

176.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 176 of the Complaint.

177.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 177 of the Complaint.

178.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 178 of the Complaint.

179.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 179 of the Complaint.

180.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 180 of the Complaint.

181.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 181 of the Complaint.

### *Anita Jordan's transaction with Harbour*

182.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 182 of the Complaint.

183.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 183 of the Complaint.

184.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 184 of the Complaint.

185.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 185 of the Complaint.

186.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 186 of the Complaint.

187.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 187 of the Complaint.

188.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 188 of the Complaint.

189.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 189 of the Complaint.

190.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 190 of the Complaint.

191.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 191 of the Complaint.

192.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 192 of the Complaint.

193.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 193 of the Complaint.

194.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 194 of the Complaint.

195.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 195 of the Complaint.

196.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 196 of the Complaint.

197.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 197 of the Complaint.

198.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 198 of the Complaint.

199.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 199 of the Complaint.

200.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 200 of the Complaint.

201.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 201 of the Complaint.

202.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 202 of the Complaint.

203.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 203 of the Complaint.

204.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 204 of the Complaint.

205.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 205 of the Complaint.

206.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 206 of the Complaint.

207.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 207 of the Complaint.

208.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 208 of the Complaint.

209.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 209 of the Complaint.

210.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 210 of the Complaint.

211.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 211 of the Complaint.

***Laundra Martin's transaction with Harbour***

212.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 212 of the Complaint.

213.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 213 of the Complaint.

214.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 214 of the Complaint.

215.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 215 of the Complaint.

216.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 216 of the Complaint.

217.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 217 of the Complaint.

218.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 218 of the Complaint.

219.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 219 of the Complaint.

220.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 220 of the Complaint.

221.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 221 of the Complaint.

222.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 222 of the Complaint.

223.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 223 of the Complaint.

224.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 224 of the Complaint.

225.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 225 of the Complaint.

226.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 226 of the Complaint.

227.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 227 of the Complaint.

228.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 228 of the Complaint.

229.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 229 of the Complaint.

230.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 230 of the Complaint.

231.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 231 of the Complaint.

232.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 232 of the Complaint.

### *Al Lee Butts and Veronica R. Pitts' transaction with Harbour*

233.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 233 of the Complaint.

234.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 234 of the Complaint.

235.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 235 of the Complaint.

236.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 236 of the Complaint.

237.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 237 of the Complaint.

238.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 238 of the Complaint.

239.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 239 of the Complaint.

240.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 240 of the Complaint.

241.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 241 of the Complaint.

242.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 242 of the Complaint.

243.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 243 of the Complaint.

244.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 244 of the Complaint.

245.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 245 of the Complaint.

246.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 246 of the Complaint.

247.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 247 of the Complaint.

248.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 248 of the Complaint.

249.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 249 of the Complaint.

250.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 250 of the Complaint.

251.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 251 of the Complaint.

252.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 252 of the Complaint.

253.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 253 of the Complaint.

254.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 254 of the Complaint.

255.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 255 of the Complaint.

256.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 256 of the Complaint.

### *Lisa Ellis-Blades' transaction with Harbour*

257.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 257 of the Complaint.

258.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 258 of the Complaint.

259.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 259 of the Complaint.

260.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 260 of the Complaint.

261.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 261 of the Complaint.

262.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 262 of the Complaint.

263.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 263 of the Complaint.

264.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 264 of the Complaint.

265.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 265 of the Complaint.

266.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 266 of the Complaint.

267.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 267 of the Complaint.

268.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 268 of the Complaint.

269.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 269 of the Complaint.

270.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 270 of the Complaint.

271.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 271 of the Complaint.

272.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 272 of the Complaint.

273.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 273 of the Complaint.

274.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 274 of the Complaint.

275.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 275 of the Complaint.

276.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 276 of the Complaint.

277.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 277 of the Complaint.

278.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 278 of the Complaint.

279.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 279 of the Complaint.

### *Rita Henigan and Rohan Powell's transaction with Harbour*

280.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 280 of the Complaint.

281.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 281 of the Complaint.

282.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 282 of the Complaint.

283.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 283 of the Complaint.

284.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 284 of the Complaint.

285.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 285 of the Complaint.

286.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 286 of the Complaint.

287.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 287 of the Complaint.

288.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 288 of the Complaint.

289.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 289 of the Complaint.

290.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 290 of the Complaint.

291.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 291 of the Complaint.

292.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 292 of the Complaint.

293.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 293 of the Complaint.

294.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 294 of the Complaint.

295.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 295 of the Complaint.

296.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 296 of the Complaint.

297.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 297 of the Complaint.

298.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 298 of the Complaint.

299.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 299 of the Complaint.

300.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 300 of the Complaint.

301.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 301 of the Complaint.

302.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 302 of the Complaint.

303.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 303 of the Complaint.

304.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 304 of the Complaint.

305.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 305 of the Complaint.

306.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 306 of the Complaint.

307.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 307 of the Complaint.

308.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 308 of the Complaint.

*LaQuinta Hutchins' transaction with Harbour*

309.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 309 of the Complaint.

310.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 310 of the Complaint.

311.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 311 of the Complaint.

312.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 312 of the Complaint.

313.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 313 of the Complaint.

314.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 314 of the Complaint.

315.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 315 of the Complaint.

316.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 316 of the Complaint.

317.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 317 of the Complaint.

318.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 318 of the Complaint.

319.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 319 of the Complaint.

320.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 320 of the Complaint.

321.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 321 of the Complaint.

322.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 322 of the Complaint.

323.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 323 of the Complaint.

324.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 324 of the Complaint.

325.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 325 of the Complaint.

326.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 326 of the Complaint.

327.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 327 of the Complaint.

***Tabitha and James Hunter's transaction with Harbour***

328.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 328 of the Complaint.

329.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 329 of the Complaint.

330.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 330 of the Complaint.

331.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 331 of the Complaint.

332.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 332 of the Complaint.

333.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 333 of the Complaint.

334.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 334 of the Complaint.

335.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 335 of the Complaint.

336.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 336 of the Complaint.

337.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 337 of the Complaint.

338.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 338 of the Complaint.

339.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 339 of the Complaint.

340.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 340 of the Complaint.

341.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 341 of the Complaint.

342.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 342 of the Complaint.

343.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 343 of the Complaint.

344.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 344 of the Complaint.

345.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 345 of the Complaint.

346.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 346 of the Complaint.

347.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 347 of the Complaint.

348.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 348 of the Complaint.

349.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 349 of the Complaint.

350.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 350 of the Complaint.

351.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 351 of the Complaint.

352.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 352 of the Complaint.

353.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 353 of the Complaint.

354.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 354 of the Complaint.

355.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 355 of the Complaint.

356.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 356 of the Complaint.

357.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 357 of the Complaint.

358.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 358 of the Complaint.

359.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 359 of the Complaint.

### *Gerry White's transaction with Harbour*

360.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 360 of the Complaint.

361.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 361 of the Complaint.

362.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 362 of the Complaint.

363.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 363 of the Complaint.

364.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 364 of the Complaint.

365.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 365 of the Complaint.

366.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 366 of the Complaint.

367.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 367 of the Complaint.

368.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 368 of the Complaint.

369.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 369 of the Complaint.

370.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 370 of the Complaint.

371.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 371 of the Complaint.

372.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 372 of the Complaint.

373.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 373 of the Complaint.

374.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 374 of the Complaint.

375.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 375 of the Complaint.

376.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 376 of the Complaint.

377.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 377 of the Complaint.

378.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 378 of the Complaint.

379.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 379 of the Complaint.

380.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 380 of the Complaint.

381.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 381 of the Complaint.

382.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 382 of the Complaint.

383.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 383 of the Complaint.

### *Zachary Anderson's transaction with Harbour*

384.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 384 of the Complaint.

385.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 385 of the Complaint.

386.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 386 of the Complaint.

387.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 387 of the Complaint.

388.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 388 of the Complaint.

389.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 389 of the Complaint.

390.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 390 of the Complaint.

391.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 391 of the Complaint.

392.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 392 of the Complaint.

393.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 393 of the Complaint.

394.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 394 of the Complaint.

395.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 395 of the Complaint.

396.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 396 of the Complaint.

397.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 397 of the Complaint.

398.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 398 of the Complaint.

399.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 399 of the Complaint.

400.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 400 of the Complaint.

401.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 401 of the Complaint.

402.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 402 of the Complaint.

403.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 403 of the Complaint.

404.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 404 of the Complaint.

405.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 405 of the Complaint.

406.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 406 of the Complaint.

407.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 407 of the Complaint.

### *Jackie Barber's transaction with Harbour Portfolio*

408.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 408 of the Complaint.

409.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 409 of the Complaint.

410.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 410 of the Complaint.

411.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 411 of the Complaint.

412.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 412 of the Complaint.

413.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 413 of the Complaint.

414.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 414 of the Complaint.

415.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 415 of the Complaint.

416.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 416 of the Complaint.

417.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 417 of the Complaint.

418.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 418 of the Complaint.

419.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 419 of the Complaint.

420.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 420 of the Complaint.

421.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 421 of the Complaint.

422.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 422 of the Complaint.

423.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 423 of the Complaint.

424.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 424 of the Complaint.

425.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 425 of the Complaint.

426.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 426 of the Complaint.

427.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 427 of the Complaint.

428.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 428 of the Complaint.

429.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 429 of the Complaint.

430.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 430 of the Complaint.

### *Ithamar Yehudah's Transactions with Harbour Portfolio*

431.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 431 of the Complaint.

432.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 432 of the Complaint.

433.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 433 of the Complaint.

434.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 434 of the Complaint.

435.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 435 of the Complaint.

436.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 436 of the Complaint.

437.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 437 of the Complaint.

438.

Defendants admit Plaintiff Yehudah executed a note and a contract for deed. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 438 of the Complaint.

439.

Defendants admit the subject Agreement for Deed is dated July 8, 2013, shows the purchase price of $35,500.00, with a down payment of $1,460.00, with the remaining balance to be repaid at 9.9% interest over 15 years. Defendants admit the Agreement sets principal and interest monthly payments at $363.72 per month in addition to the payment of property taxes and homeowner's insurance.  Defendants

further state that a true and correct copy of the Agreement is attached as Exhibit "A"
to the Affidavit of Contract for Deed recorded in the DeKalb County deed records at
Book 26825, Page 767.

440.

Defendants are without sufficient information or knowledge to either admit or
deny the allegations contained in Paragraph 440 of the Complaint.

441.

Defendants are without sufficient information or knowledge to either admit or
deny the allegations contained in Paragraph 441 of the Complaint.

442.

Defendants are without sufficient information or knowledge to either admit or
deny the allegations contained in Paragraph 442 of the Complaint.

443.

Defendants are without sufficient information or knowledge to either admit or
deny the allegations contained in Paragraph 443 of the Complaint.

444.

Defendants admit the Agreement required Plaintiff Yehudah to bring the
property up to a habitable condition within four months and maintain the property in
a good state of repair.

445.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 445 of the Complaint.

446.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 446 of the Complaint.

447.

Defendants admit that in addition to the Agreement for Deed on the Longshore property, Plaintiff Yehudah executed Agreements for Deeds in favor of Defendants Harbour VI and Harbour VII for the following properties: (1) 4209 Lindsey Drive, Decatur GA 30035; (2) 535 Ashburton Ave., Decatur, GA 30032; and (3) 2319 River Rd., Ellenwood, GA 30294. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 447 of the Complaint.

448.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 448 of the Complaint.

449.

Defendants admit Plaintiff Yehudah's Agreement for Deed on 4209 Lindsey Drive, dated September 5, 2013 reflects a purchase price of $29,610.00 and a down payment of $1,460.00, with the remaining $28,150.00 to be paid at 9.9 percent interest over 20 years.

450.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 450 of the Complaint.

451.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 451 of the Complaint.

452.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 452 of the Complaint.

453.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 453 of the Complaint.

454.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 454 of the Complaint.

455.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 455 of the Complaint.

456.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 456 of the Complaint.

457.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 457 of the Complaint.

458.

Defendants admit that Plaintiff Yehudah's Agreement for Deed with Defendant Harbour VI for the Ashburton Avenue property was similar to the Agreements for the Lindsey Drive and the River Road properties. Defendants admit Plaintiff Yehudah's Agreement for the Ashburton Avenue property reflects a purchase price of $21,500.00 at a 9.9 percent interest rate, with a down payment of $1,460.00.

459.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 459 of the Complaint.

460.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 460 of the Complaint.

461.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 461 of the Complaint.

462.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 462 of the Complaint.

463.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 463 of the Complaint.

464.

Defendants admit that Defendant Orange Capital purchased the Lindsey Drive, Ashburton Avenue and River Road properties from the Harbour Defendants in October, 2015. Defendants admit that the Longshore Drive property was purchased

by Defendant Blue Investment, an affiliate of Orange Capital.

465.

Defendants admit that the Quitclaim Deed conveying the Longshore Drive property to Defendant Blue Investment was recorded in the DeKalb County deed records on October 26, 2015 at Book 25226, Page 784; the Quitclaim Deed conveying the Ashburton Avenue property to Orange Capital was recorded on October 26, 2015 at Book 25226, Page 787; the Quitclaim Deed conveying the River Road property to Orange Capital was recorded on October 26, 2015 at Book 25226, Page 790; and the Quitclaim Deed conveying the Lindsey Drive property to Orange Capital was recorded on October 29, 2015 at Book 25234, Page 585.

466.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 466 of the Complaint.

467.

Defendants admit that in or around November 2015, Plaintiff Yehudah paid Defendant Orange Capital $5,221.55 to cure the arrearage on the Longshore Drive Agreement. Defendants admit Plaintiff Yehudah signed agreements terminating his Agreements on the Ashburton Avenue property, the River Road property and the Lindsey Drive property. Defendants are without sufficient information or knowledge

to either admit or deny the remaining allegations contained in Paragraph 467 of the Complaint.

468.

Defendants deny that Plaintiff Yehudah is current in his payments under the Longshore Drive Agreement.

469.

Defendants admit that Plaintiff Yehudah owes a total amount of $33,074.54 under the Longshore Drive Agreement as of July 6, 2018.

### *Tonya Tate's transaction with Harbour*

470.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 470 of the Complaint.

471.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 471 of the Complaint.

472.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 472 of the Complaint.

473.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 473 of the Complaint.

474.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 474 of the Complaint.

475.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 475 of the Complaint.

476.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 476 of the Complaint.

477.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 477 of the Complaint.

478.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 478 of the Complaint.

479.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 479 of the Complaint.

480.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 480 of the Complaint.

481.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 481 of the Complaint.

482.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 482 of the Complaint.

483.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 483 of the Complaint.

484.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 484 of the Complaint.

485.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 485 of the Complaint.

486.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 486 of the Complaint.

487.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 487 of the Complaint.

488.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 488 of the Complaint.

489.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 489 of the Complaint.

490.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 490 of the Complaint.

491.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 491 of the Complaint.

492.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 492 of the Complaint.

493.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 493 of the Complaint.

494.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 494 of the Complaint.

495.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 495 of the Complaint.

### *DeCarlos Butts' transaction with Harbour*

496.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 496 of the Complaint.

497.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 497 of the Complaint.

498.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 498 of the Complaint.

499.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 499 of the Complaint.

500.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 500 of the Complaint.

501.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 501 of the Complaint.

502.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 502 of the Complaint.

503.

Defendants admit that Plaintiff Butts signed a Purchase Money Note an Agreement for Deed for the Redwing Circle property with a purchase price of $40,700.00 and initial payment of $1,033.00 plus an application and processing fee of $260.00 and that such documents were notarized.  Defendants further admit that the remaining $39,667.00 of the purchase price was financed at a 10% annual percentage rate over a thirty year term.  Defendants deny any remaining allegations contained in paragraph 503 of the Complaint if not expressly admitted herein.

504.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 504 of the Complaint.

505.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 505 of the Complaint.

506.

Defendants admit Plaintiff Butts' monthly payment was $531.11 inclusive of principal, interest and property taxes. Defendants admit Plaintiff Butts' Agreement for Deed required him to obtain homeowner's insurance.  Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations

contained in Paragraph 506 of the Complaint.

507.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 507 of the Complaint.

508.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 508 of the Complaint.

509.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 509 of the Complaint.

510.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 510 of the Complaint.

511.

Defendants admit Plaintiff Butts' Agreement required that he was responsible for maintaining the property in good repair during the term of the Agreement as well as bringing the property into habitable condition within a reasonable period of time not to exceed four months.

512.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 512 of the Complaint.

513.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 513 of the Complaint.

514.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 514 of the Complaint.

515.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 515 of the Complaint.

516.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 516 of the Complaint.

517.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 517 of the Complaint.

518.

Defendants admit that a Quitclaim Deed from Defendant Harbour, dated October 30, 2015, was recorded in the DeKalb County real estate records on November 10, 2015.

519.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 519 of the Complaint.

520.

Defendants admit  breach letters were sent to Plaintiff Butts after August 15, 2015.

521.

Defendants deny the existence of any valid, enforceable forbearance agreement between Butts and Harbour.

522.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 522 of the Complaint.

523.

The allegations contained in paragraph 523 of the Complaint are matters of public record and therefore no response is required.

524.

Defendants deny the allegations contained in Paragraph 524 of the Complaint.

525.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 525 of the Complaint.

526.

Defendants deny that the eviction of Plaintiff Butts was unlawful. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 526 of the Complaint.

### *Injury to the Plaintiffs*

527.

Defendants deny that the terms of any Agreement sold to Defendants by Defendants Harbour VI or Harbour VII are racially discriminatory and/or abusive. Defendants deny that they, or either of them, are the cause of any alleged injuries to any Plaintiff. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 527 of the Complaint.  Defendants further state that the terms of the Agreements speak for themselves.

528.

Defendants deny that the terms of any Agreement sold to Defendant by Defendants Harbour VI or Harbour VII are racially discriminatory and/or abusive. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 528 of the Complaint.

529.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 529 of the Complaint.

530.

Defendants deny that the terms of any Agreement sold to Defendants by Defendants Harbour VI or Harbour VII are racially discriminatory and/or abusive. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 530 of the Complaint.

## V.  COUNT ONE: VIOLATION OF THE FAIR HOUSING ACT, 42 U.S.C. §§ 3604, 3605, ALL PLAINTIFFS AGAINST HARBOUR PORTFOLIO VI LP AND HARBOUR PORTFOLIO VII, LP

531.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

532 - 542.

Defendants answer that the allegations contained in paragraphs 532 through 542 of the Complaint are not directed against them and therefore do not require a response; however, to the extent that a response is required, such allegations are denied.

## VI. COUNT TWO: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT, 15 U.S.C. § 1691 ET SEQ., ALL PLAINTIFFS EXCEPT MRS. BROWN AND MR. HUNTER AGAINST HARBOUR PORTFOLIO VI LP AND HARBOUR PORTFOLIO VII LP

543.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

544 - 552.

Defendants answer that the allegations contained in paragraphs 544 through 552 of the Complaint are not directed against them and therefore do not require a response; however, to the extent that a response is required, such allegations are denied.

## VII.  COUNT THREE: GEORGIA FAIR HOUSING ACT, O.C.G.A. § 8-3-200 ET SEQ., ALL PLAINTIFFS AGAINST HARBOUR PORTFOLIO VI LP AND HARBOUR PORTFOLIO VII, LP

### 553.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

### 554 - 565.

Defendants answer that the allegations contained in paragraphs 554 through 565 of the Complaint are not directed against them and therefore do not require a response; however, to the extent that a response is required, such allegations are denied.

## VIII.  COUNT FOUR: VIOLATION OF THE TRUTH IN LENDING ACT, 15 U.S.C. § 1601 ET SEQ., JACKIE BROWN AGAINST HARBOUR PORTFOLIO VI, LP

### 566.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

### 567 - 580.

Defendants answer that the allegations contained in paragraphs 567 through 580 of the Complaint are not directed against them and therefore do not require a

response; however, to the extent that a response is required, such allegations are denied.

### IX.  COUNT FIVE: VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390 ET SEQ., AND THE UNFAIR AND DECEPTIVE PRACTICES TOWARDS THE ELDERLY ACT, ALL PLAINTIFFS AGAINST HARBOUR PORTFOLIO VI, HARBOUR PORTFOLIO VII, CWAM II, LLC, JCT CAPITAL, LLC, THE BRADY IMPACT TRUST, AND ORANGE CAPITAL FUNDING LLC

581.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

582.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 582 of the Complaint.

583.

Defendants admit that the Agreements for Deed conveyed to Defendants by Defendants Harbour VI and Harbour VII reflect the requirement to repair, maintain and pay taxes on the subject properties. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 583 of the Complaint.  Defendants further state that Agreements for Deed are legal contracts in the State of Georgia.

584.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 584 of the Complaint.

585.

Defendants admit that Plaintiff DeCarlos Butts has been evicted under the terms of the Agreement for Deed conveyed to Defendant Orange Capital by Defendant Harbour VI. Defendants admit that no foreclosure sale of the subject property was conducted prior to the eviction of Plaintiff DeCarlos Butts. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 585 of the Complaint.

586.

Defendants admit that an eviction action was filed against Plaintiff DeCarlos Butts. Defendants admit that no foreclosure sale of the subject property was conducted prior to the filing of the eviction action. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 586 of the Complaint.

587.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 587 of the Complaint.

588.

Defendants answer that the allegations contained in Paragraph 588 of the Complaint constitute legal conclusions and do not require a response; however, to the extent a response is required, such allegations are denied.

589.

Defendants answer that the allegations contained in Paragraph 589 of the Complaint constitute legal conclusions and do not require a response; however, to the extent a response is required, such allegations are denied.

590.

The allegations contained in paragraph 590 of the Complaint appear to be directed at other defendants and as a result Defendants are without sufficient information or knowledge to either admit or deny such allegations.

591.

Defendants deny the allegations contained in Paragraph 591 of the Complaint.

592.

Defendants admit that they purchase some properties that convey existing Agreements/Contracts for Deeds. Defendants deny that they have engaged in any unfair or deceptive practices. Defendants deny that they have caused any injury to any Plaintiff. Defendants further state that Agreements/Contracts for Deeds are legal

contracts in the State of Georgia. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 592 of the Complaint.

593.

Defendants answer that the allegations contained in Paragraph 593 of the Complaint constitute legal conclusions and do not require a response; however, to the extent a response is required, such allegations are denied.

594.

Defendants answer that the allegations contained in Paragraph 594 of the Complaint constitute legal conclusions and do not require a response; however, to the extent a response is required, such allegations are denied.

595.

Defendants deny the allegations contained in Paragraph 595 of the Complaint.

596.

Defendants deny the allegations contained in Paragraph 595 of the Complaint.

597.

Defendants deny the allegations contained in Paragraph 597 of the Complaint.

## X.  COUNT SIX: VIOLATION OF THE GEORGIA RESIDENTIAL MORTGAGE ACT, O.C.G.A. §§ 51-1-6, 51-1-8, ALL SIGNATORY PLAINTIFFS AGAINST HARBOUR PORTFOLIO VI AND HARBOUR PORTFOLIO VII

598.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

599 - 605.

Defendants answer that the allegations contained in paragraphs 599 through 605 of the Complaint are not directed against them and therefore do not require a response; however, to the extent that a response is required, such allegations are denied.

600.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 600 of the Complaint.

601.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 601 of the Complaint.

602.

Paragraph 602 of the Complaint contains no allegations, only apparent statements of law; therefore, no response is required from Defendants.

603.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 603 of the Complaint.

604.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 604 of the Complaint.

605.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 605 of the Complaint.

## XI.  COUNT SEVEN: EQUITABLE MORTGAGE ALL SIGNATORY PLAINTIFFS, EXCEPT MRS. HUNTER, DECARLOS BUTTS, AND MR. WHITE, AGAINST ALL DEFENDANTS

606.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

607.

Defendants deny the allegations contained in Paragraph 607 of the Complaint.

608.

Paragraph 608 of the Complaint contains no allegations, only apparent statements of law; therefore, no response is required from Defendants.

609.

Defendants deny the allegations contained in Paragraph 609 of the Complaint.

## XII.  COUNT EIGHT: DECLARATORY JUDGMENT ALL SIGNATORY PLAINTIFFS, EXCEPT MRS. HUNTER, DECARLOS BUTTS, AND MR. WHITE AGAINST ALL DEFENDANTS

610.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

611.

Defendants deny the allegations contained in Paragraph 611 of the Complaint.

612.

Defendants deny the allegations contained in Paragraph 612 of the Complaint.

### XIII.  COUNT NINE: UNJUST ENRICHMENT ALL PLAINTIFFS AGAINST ALL DEFENDANTS

613.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

614.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 614 of the Complaint.

615.

Defendants deny the allegations contained in Paragraph 615 of the Complaint.

## XIV.  COUNT TEN:  VIOLATION OF RESPA, 12 U.S.C. § 2601 ET SEQ., LISA ELLIS-BLADES, ANITA JORDAN, LAQUINTA HUTCHINS, LAUNDRA MARTIN, OLA AND MICHAEL JOHNSON, AL BUTTS AND VERONICA PITTS AGAINST NATIONAL ASSET ADVISORS, LLC

### 616.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

### 617 - 622.

Defendants answer that the allegations contained in paragraphs 617 through 622 of the Complaint are not directed against them and therefore do not require a response; however, to the extent that a response is required, such allegations are denied.

### 618.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 618 of the Complaint.

### 619.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 619 of the Complaint.

620.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 620 of the Complaint.

621.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 621 of the Complaint.

622.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 622 of the Complaint.

## XV.  COUNT ELEVEN: BREACH OF CONTRACT AND BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING IMPLIED IN EVERY CONTRACT; LISA ELLIS-BLADES, ANITA JORDAN, LAQUINTA HUTCHINS, LAUNDRA MARTIN, OLA AND MICHAEL JOHNSON, AND AL BUTTS AND VERONICA PITTS AGAINST HARBOUR PORTFOLIO VII AND NAA

623.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

624 - 629.

Defendants answer that the allegations contained in paragraphs 624 through 629 of the Complaint are not directed against them and therefore do not require a response; however, to the extent that a response is required, such allegations are denied.

625.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 625 of the Complaint.

626.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 626 of the Complaint.

627.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 627 of the Complaint.

628.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 628 of the Complaint.

629.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 629 of the Complaint.

### XVI.  COUNT TWELVE: NEGLIGENCE; LISA ELLIS-BLADES, ANITA JORDAN, LAQUINTA HUTCHINS, LAUNDRA MARTIN, OLA AND MICHAEL JOHNSON, AND AL BUTTS AND VERONICA PITTS AGAINST HARBOUR PORTFOLIO VII AND NAA

630.

Defendants incorporate herein by reference their responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

631 - 635.

Defendants answer that the allegations contained in paragraphs 631 through 635 of the Complaint are not directed against them and therefore do not require a response; however, to the extent that a response is required, such allegations are denied.

632.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 632 of the Complaint.

633.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 633 of the Complaint.

634.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 634 of the Complaint.

635.

Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 635 of the Complaint.

## XVII.  CONCLUSION AND PRAYER FOR RELIEF

All allegations contained in the Complaint not heretofore specifically admitted are hereby expressly denied; and all Plaintiffs' prayers for relief are hereby expressly denied.

WHEREFORE, Defendants pray as follows:

a)      That the Complaint be dismissed with prejudice and all charges cast upon the Plaintiff;

b)      That Defendants recover their attorney's fees and costs incurred in the defense of Plaintiffs' Complaint; and

c)      That the Court grant Defendants such other and further relief as it deems just and proper.

## DEFENDANT BLUE INVESTMENT GROUP, LLC'S COUNTERCLAIM AGAINST PLAINTIFF ITHAMAR YEHUDAH

COMES NOW Defendant Blue Investment Group, LLC ("Counterclaim Plaintiff Blue Investment") and files its Counterclaim against Plaintiff Ithamar Yehudah ("Counterclaim Defendant Yehudah") for recovery under the Note, and shows this honorable Court as follows:

### Jurisdiction and Venue

1.

By filing an Answer to Plaintiffs' Complaint, Counterclaim Plaintiff Blue Investment has subjected itself to the jurisdiction of this Court.

2.

By filing the Complaint, Counterclaim Defendant Yehudah has subjected himself to the jurisdiction of this Court.

3.

This Court has jurisdiction over the claims of Counterclaim Plaintiff Blue Investment pursuant to *Fed. R. Civ. P. 13(g)* and *28 U.S.C. § 1367* and venue is proper here pursuant *to 28 U.S.C. § 1391*.

4.

On or about July 8, 2013, Counterclaim Defendant Yehudah executed and delivered a Note in the original principal amount of $34,040.00 to Defendant Harbour Portfolio VII, LP.

5.

A true and correct copy of the Note is attached hereto as Exhibit "A" and incorporated herein by reference.

6.

To secure the indebtedness evidenced by the Note, on or about July 8, 2013, Counterclaim Defendant Yehudah executed an Agreement for Deed in favor of Harbour Portfolio VII, LP, conveying the subject property, 1165 Longshore Drive, Decatur, Georgia (the "Property") as security.

7.

A true and correct copy of the Agreement for Deed is attached hereto as Exhibit "B" and incorporated herein by reference.

8.

The Note and the Agreement for Deed were subsequently conveyed to Counterclaim Plaintiff Blue Investment by the Quitclaim Deed recorded in the DeKalb County, Georgia deed records on or about October 26, 2015 at Book 25226, Page 784.

9.

The Note and Agreement for Deed are in default for, among other possible events of default, failure to pay the sums due in accordance with their terms.

10.

The Note and Agreement for Deed were conveyed to Counterclaim Plaintiff Blue Investment, Blue Investment is the owner and holder of the Note and Agreement for Deed, and Counterclaim Defendant Yehudah defaulted under the Note and Agreement for Deed by failing to make the payments thereunder as and when due.

11.

Counterclaim Defendant Yehudah is indebted to Counterclaim Plaintiff Blue Investment for the unpaid balance of the Note, which as of July 6, 2018, is as follows:

| | |
|---|---|
| Unpaid Principal Balance . . . . . . . . . . . . . . . . . . . . . . . . . | $ 31,357.88 |
| Interest (02/01/18 – 07/06/18 . . . . . . . . . . . . . . . . . . . . . . . | 1,318.32 |
| Accured Late Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . | 54.57 |
| Unpaid Late Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . | 343.77 |
| Total payoff through July 6, 2018 . . . . . . . . . . . . . . . . . . . . | $ 33,074.54 |

12.

Interest continues to accrue at $8.51 per day on the Note and other charges continue to accrue. The Note is due for the March 1, 2018 and subsequent payments.

13.

The Note provides, in pertinent part, that the holder thereof shall be entitled to recover reasonable attorney's fees in the event any part of the indebtedness evidenced by the Note is collected by law or through an attorney at law.

14.

Counterclaim Defendant Yehudah is liable to Counterclaim Plaintiff Blue Investment for the unpaid balance of the Note, plus all other charges due and owing, plus attorney's fees and costs pursuant to the terms of the Note.

WHEREFORE, Counterclaim Plaintiff Blue Investment prays for the following:

(a)     That the Court enter a judgment in favor of Counterclaim Plaintiff Blue Investment and against Counterclaim Defendant Yehudah for the sums due under the Note and Agreement for Deed, plus interest and all other charges due up to the date of Judgment;

(b)     That the Court enter a judgment in favor of Counterclaim Plaintiff Blue Investment and against Counterclaim Defendant Yehudah for the attorney's fees and costs incurred in obtaining judgment;

(c)     That the Court order that Counterclaim Plaintiff Blue Investment is entitled to invoke the rights and remedies granted in the Agreement for Deed with respect to the Property, including but not limited to the right to forfeit and terminate the Agreement for Deed; and

(d)     That the Court grant Counterclaim Plaintiff Blue Investment such other and further relief as it deems just and proper.

### DEFENDANTS' CROSS-CLAIM AGAINST DEFENDANTS HARBOUR PORTFOLIO VI, LP AND HARBOUR PORTFOLIO VII, LP

COME NOW Defendants Blue Investment Group, LLC ("Blue Investment") and Orange Capital Funding, LLC ("Orange Capital") and file their Cross-Claim

against Defendant Harbour Portfolio VI and Defendant Harbour Portfolio VII (the "Harbour Defendants"), and show this honorable Court as follows:

## Jurisdiction and Venue

### 1.

By filing an Answer to Plaintiffs' Complaint, Cross-Claim Plaintiffs Blue Investment and Orange Capital have subjected themselves to the jurisdiction of this Court.

### 2.

By filing an Answer to Plaintiffs' Complaint, the Harbour Defendants have subjected themselves to the jurisdiction of this Court.

### 3.

This Court has jurisdiction over the claims of Cross-Claim Plaintiffs pursuant to Fed. R. Civ. P. 13(g) and 28 U.S.C. § 1367 and venue is proper here.

### 4.

On or about September 23, 2015, Defendant Harbour Portfolio VII conveyed the property known as 1165 Longshore Drive, Decatur, Georgia (the "Longshore Drive Property") to Defendant Blue Investment. The Quitclaim Deed was recorded in the DeKalb County, Georgia deed records on or about October 26, 2015 at Book

25226, Page 784. An existing Agreement/Contract for Deed executed by Plaintiff Ithamar Yehuda was conveyed with the property.

5.

On or about September 29, 2015, Defendant Harbour Portfolio VI conveyed the property known as 535 Ashburton Avenue, Decatur, Georgia (the "Ashburton Avenue Property") to Defendant Orange Capital. The Quitclaim Deed was recorded in the DeKalb County, Georgia deed records on or about October 26, 2015 at Book 25226, Page 787. An existing Agreement/Contract for Deed executed by Plaintiff Ithamar Yehuda was conveyed with the property.

6.

On or about September 29, 2015, Defendant Harbour Portfolio VII conveyed the property known as 2319 River Road, Ellenwood, Georgia (the "River Road Property") to Defendant Orange Capital. The Quitclaim Deed was recorded in the DeKalb County, Georgia deed records on or about October 26, 2015 at Book 25226, Page 790. An existing Agreement/Contract for Deed executed by Plaintiff Ithamar Yehuda was conveyed with the property.

7.

On or about October 15, 2015, Defendant Harbour Portfolio VII conveyed the property known as 4209 Lindsey Drive, Decatur, Georgia (the "Lindsey Drive Property") to Defendant Orange Capital. The Quitclaim Deed was recorded in the DeKalb County, Georgia deed records on or about October 29, 2015 at Book 25234, Page 585. An existing Agreement/Contract for Deed executed by Plaintiff Ithamar Yehuda was conveyed with the property.

8.

The alleged conduct of Defendant Harbour Portfolio VII was the proximate cause of any injuries suffered by Plaintiff Ithamar Yehuda as a result of the Ashburton Avenue Property Agreement/Contract for Deed.

9.

To the extent that the conduct of Defendant Harbour Portfolio VI and/or Harbour Portfolio VII is found to be unlawful, and such unlawful conduct is imputed to Defendants Blue Investment and/or Orange Capital, Defendants Blue Investment and Orange Capital demand that Defendants Harbour Portfolio VI and Harbour Portfolio VII indemnify Defendants Blue Investment and/or Orange

Capital and contribute the full amount of any damages awarded in favor of Plaintiff Ithamar Yehudah and against Defendants Blue Investment and/or Orange Capital.

10.

On or about October 30, 2015, Defendant Harbour Portfolio VI conveyed the property known as 3779 Redwing Circle, Decatur, Georgia (the "Redwing Circle Property") to Defendant Orange Capital. The Quitclaim Deed was recorded in the DeKalb County, Georgia deed records on or about November 10, 2015 at Book 25252, Page 702. An existing Agreement/Contract for Deed executed by Plaintiff DeCarlos Butts was conveyed with the property.

11.

The alleged conduct of Defendant Harbour Portfolio VI was the proximate cause of any injuries suffered by Plaintiff DeCarlos Butts as a result of the Redwing Circle Property Agreement/Contract for Deed.

12.

To the extent that the conduct of Defendant Harbour Portfolio VI is found to be unlawful, and such unlawful conduct is imputed to Defendant Orange Capital, Defendant Orange Capital demands that Defendant Harbour Portfolio VI indemnify Defendant Orange Capital and contribute the full amount of any

damages awarded in favor of Plaintiff DeCarlos Butts and against Defendant Orange Capital.

13.

Defendants Harbour Portfolio VI and Harbour Portfolio VII have acted in bad faith, have been stubbornly litigious, and have caused Defendants Blue Investment and Orange Capital unnecessary trouble and expense; consequently, Defendants Blue Investment and Orange Capital are entitled to recover their attorney's fees and any costs incurred with its defense of this action from Defendants Harbour Portfolio VI and Harbour Portfolio VII.

WHEREFORE, Defendants Blue Investment and Orange Capital pray for the following:

(a)    That the Court order that Defendants Harbour Portfolio VI and Harbour VII indemnify and contribute the full amount of any damages awarded in favor of Plaintiffs  Ithamar Yehudah and/or DeCarlos Butts;

(b)    That the Court order Defendants Harbour Portfolio VI and Harbour Portfolio VII to pay all attorney's fees and any costs incurred by Defendants Blue Investment and Orange Capital in its defense of the Complaint; and

(c)     That the Court grant such other and further relief to Defendants Blue

Investment and Orange Capital as it deems just and proper.

Respectfully submitted this 9th day of July, 2018.

BROCK & SCOTT, PLLC

By: */s/ Kyle S. Kotake*
  KYLE S. KOTAKE
  Georgia Bar No. 428697
  4360 Chamblee Dunwoody Rd., Ste. 310
  Atlanta, GA  30341
  (404) 789-2661 Ext. 2306
  (404) 294-0919 (facsimile)
  kyle.kotake@brockandscott.com
  *Attorney for Defendants*
  *Blue Investment Group, LLC and*
  *Orange Capital Funding, LLC*

## **L.R. 7.1 CERTIFICATE OF COMPLIANCE**

Per L.R. 7.1D, I certify this pleading was prepared per L.R. 5.1C in Times New Roman, 14 point typeface.

This 9th day of July, 2018.

BROCK & SCOTT, PLLC

By: */s/ Kyle S. Kotake*
KYLE S. KOTAKE
Georgia Bar No. 428697
4360 Chamblee Dunwoody Rd., Ste. 310
Atlanta, GA  30341
(404) 789-2661 Ext. 2306
(404) 294-0919 (facsimile)
kyle.kotake@brockandscott.com
*Attorney for Defendants*
*Blue Investment Group, LLC and*
*Orange Capital Funding, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a precise copy of the above **ANSWER OF DEFENDANTS BLUE INVESTMENT GROUP, LLC AND ORANGE CAPITAL FUNDING, LLC AND COUNTER CLAIM AGAINST PLAINTIFF ITHAMAR YEHUDAH AND CROSS CLAIM AGAINST DEFENDANTS HARBOUR PORTFOLIO VI, LP AND HARBOUR PORTFOLIO VII, LP** was served on counsel and parties of record via efiling,

This 9th day of July, 2018.

BROCK & SCOTT, PLLC

By: */s/ Kyle S. Kotake*
    KYLE S. KOTAKE
    Georgia Bar No. 428697
    4360 Chamblee Dunwoody Rd., Ste. 310
    Atlanta, GA  30341
    (404) 789-2661 Ext. 2306
    (404) 294-0919 (facsimile)
    kyle.kotake@brockandscott.com
    *Attorney for Defendants*
    *Blue Investment Group, LLC and*
    *Orange Capital Funding, LLC*